J-A14044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
STEVEN ROBERTS, :
:
Appellant : No. 1379 MDA 2014

Appeal from the PCRA Order Entered July 28, 2014,
in the Court of Common Pleas of Centre County,
Criminal Division at No(s): CP-14-CR-0001767-2002

BEFORE:  BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　　**FILED JUNE 16, 2015**

Steven Roberts (Appellant) *pro se* appeals from an order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows. Appellant pled guilty to simple assault for attacking a fellow prison inmate. The trial court sentenced Appellant on April 14, 2003.  Appellant did not pursue a direct appeal.

On February 5, 2014, Appellant *pro se* filed a PCRA petition.  The PCRA court appointed counsel to represent Appellant.  PCRA counsel subsequently moved to withdraw his representation of Appellant pursuant to

_____

* Retired Senior Judge assigned to the Superior Court.

***Turner*/*Finley***.[1]   On July 3, 2014, the PCRA court issued an order permitting counsel to withdraw and another order pursuant to Pa.R.Crim.P. 907, stating the court's intent to dismiss Appellant's PCRA petition without holding an evidentiary hearing.  The court concluded that Appellant untimely filed his petition.  Appellant *pro se* filed a response to the PCRA court's Rule 907 notice.

The PCRA court formally dismissed Appellant's PCRA petition on July 28, 2014.  Appellant timely filed a notice of appeal.  The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b).  Appellant filed a 1925(b) statement and, later, an amended 1925(b) statement.  The PCRA court complied with Pa.R.A.P. 1925(a).

As an initial matter, Appellant's brief contains a substantial defect. The Rules of Appellate Procedure require an appellant to include in his or her brief, *inter alia*, a statement of the questions involved.  Pa.R.A.P. 2111(a)(4).  Rule 2116 provides, in part,

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement will be deemed to include every subsidiary question fairly comprised therein.  **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.**…

Pa.R.A.P. 2116(a) (emphasis added).

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's brief does not contain a statement of questions involved. However, the question before this Court can only be whether the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. For the reasons that follow, we conclude that the court correctly determined that Appellant untimely filed his petition.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

Appellant was sentenced on April 14, 2003. He had thirty days to pursue a direct appeal. Pa.R.A.P. 903(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final on May 14, 2003.

He, therefore, had until May 14, 2004, to file timely a PCRA petition. Appellant did not file his PCRA petition until February 5, 2014.

Because Appellant untimely filed his PCRA petition, he had the burden of pleading and offering to prove one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's PCRA petition did not allege specifically any of the statutory exceptions to the PCRA's one year time bar. Instead, in both his appellate brief and his memorandum in support of his PCRA petition, Appellant argues that his substantive claim raises an issue regarding the trial court's jurisdiction. Appellant believes that, because such issues cannot be waived and can be raised at any time, the timeliness provisions of the PCRA do not apply to his petition. We disagree, as the PCRA's timeliness requirements apply to all PCRA petitions regardless of the nature of the claims raised therein. **Commonwealth v. Taylor**, 933 A.2d, 1035, 1042-43 (Pa. Super. 2007).

We conclude that the PCRA court properly dismissed Appellant's PCRA petition on the basis that that he untimely filed the petition. Consequently, we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015